## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| Universa Investments L.P., | |
| Plaintiff, | **Case No.: 18-CV-24286** |
| v. | |
| Alexander Borodich, an individual, and Universa Corporation Ltd., a foreign company, | |
| Defendants. | |

## MOTION FOR APPLICATION FOR DEFAULT JUDGMENT BY THE COURT;

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff Universa Investments L.P. hereby applies for a default judgment against Defendants Alexander Borodich and Universa Corporation Ltd. The clerk has previously entered the default of said Defendants on January 14, 2019.

Plaintiff presents proof of the following matters:

1.      Defendants are not a minor or incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

2.      Defendants have not appeared in this action; and

3.      Plaintiff is entitled to judgment against Defendants on account of the claims pleaded in the Complaint, as follows and as set forth in the proposed form of Judgment attached as Exhibit A to this Application:

      a.      A permanent injunction restraining Defendants and their officers, agents, servants, successors, employees, assigns, any parent and subsidiary business entity, and all others in active concert or participation with Defendants, from directly or indirectly:

            i.      Using the mark "UNIVERSA" or any logo incorporating the mark "UNIVERSA" (collectively, the "Infringing Marks"), or any other trademark or service mark that is confusingly similar to Plaintiff's UNIVERSA marks, on or in connection with the marketing, advertising, selling, and/or offering for sale of Defendants' goods and services;

            ii.      Using the Infringing Marks, or any other trademark or service mark that is confusingly similar to Plaintiff's UNIVERSA marks, on or in connection with any website, domain name, and/or media or social media platform, including, without limitation, Defendants' universa.io domain name and Defendants' accounts, usernames, and handles on Facebook, Twitter, Medium, Github, and Reddit;

            iii.      Falsely representing themselves as being endorsed or approved by, or otherwise affiliated, connected, or associated with Plaintiff, or engaging in any act which deceives the consuming public as to the affiliation, connection, or

association of Defendants or Defendants' services with Plaintiff or Plaintiff's services, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff; and

    iv. From otherwise unfairly competing with Plaintiff or infringing any of Plaintiff's UNIVERSA marks.

    b. An order requiring Defendants' universa.io domain name be transferred to Plaintiff.

This Application is based on the Memorandum of Points and Authorities set forth below, the Declaration of N.S. Kathirithamby in Support of Application for Default Judgment, the Declaration of Joseph Mauch in Support of Application for Default Judgment, and the pleadings and documents filed in this matter.

Dated:  February 25, 2019    Respectfully submitted by:


      */s/ Alexandra de Alejo*
      Alexandra de Alejo
      Florida Bar No. 43108
      Alexandra.deAlejo@gray-robinson.com
      GRAY|ROBINSON, P.A.
      333 SE 2nd Ave., Suite 3200
      Miami, Florida 33131
      305-416-6880 (Telephone)

      and

      Joseph V. Mauch
      California Bar No. 253693
      jmauch@sflaw.com
      SHARTSIS FRIESE LLP
      One Maritime Plaza, Eighteenth Floor
      San Francisco, CA 94111
      415-421-6500 (Telephone)

      *Counsel for Plaintiff.*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Plaintiff Universa Investments L.P. ("Plaintiff" or "Universa") applies for a default judgment against Defendant Alexander Borodich and his company, Defendant Universa Corporation Ltd., (collectively, "Defendants") in order to put a stop to Defendants' wrongful, infringing conduct.

Defendants are well aware of their infringement of Plaintiff's mark and this action, but they have chosen not to appear. As set forth in Plaintiff's Complaint and explained below, Plaintiff communicated in detail with Defendants regarding Defendants' applications to register their infringing UNIVERSA marks in the United States. Although Defendants ultimately abandoned those applications, they have continued to use the infringing marks in the United States and abroad, despite Plaintiff's warnings. Defendants apparently believe they can avoid Plaintiff and this action, and continue to use the infringing UNIVERSA marks in the marketplace, as the domain name for their website, and in connection with numerous websites and social media platforms, but Defendants are incorrect.

Plaintiff seeks an injunction restraining Defendants from any and all use of the UNIVERSA marks, or any other trademark or service mark that is confusingly similar to the UNIVERSA marks, on or in connection with the marketing, advertising, selling, and/or offering for sale of Defendants' goods and services, including Defendants' use of the UNIVERSA marks on and in connection with their Facebook, Twitter, and other social media accounts. Plaintiff also seeks an order requiring the transfer of Defendants' universa.io domain name to Plaintiff.

## II.    PROCEDURAL HISTORY

### A.    Defendants Seek To Register Their Infringing Trademarks

On January 4, 2018, Defendant Alexander Borodich filed U.S. Trademark Application Serial Numbers 87743231 and 87743257, for the word mark UNIVERSA and a stylized UNIVERSA logo mark (collectively, the "Applications"). Complaint [ECF No. 1], ¶ 13. On July 23, 2018, Plaintiff filed a Notice of Opposition at the United States Patent and Trademark Office to oppose registration of the Applications. *Id*., ¶ 16. Plaintiff's counsel had a number of email and telephonic communications with Mr. Borodich's attorney regarding the opposed Applications. Declaration of Joseph Mauch in Support of Application for Default Judgment ("Mauch Decl."), ¶ 2. On September 28, 2018, Mr. Borodich filed a motion to withdraw the Applications. Complaint, ¶ 16. Defendants, however, continued to use the UNIVERSA word mark and UNIVERSA logo mark (collectively, the "Infringing Marks") in commerce. *Id*., ¶ 17.

### B.    Plaintiff Files And Serves This Lawsuit On Defendants

On October 17, 2018, Plaintiff filed the operative Complaint for trademark infringement against Defendants, initiating this action. On October 18, 2018, Plaintiff's counsel sent an email to the attorney representing Mr. Borodich in connection with the Applications informing him of this action, providing him a courtesy copy of the Summons and Complaint, and asking if he was authorized to accept service on behalf of Defendants. Mauch Decl., ¶ 3. Mr. Borodich's counsel informed Plaintiff's counsel that he was not authorized to accept service on behalf of Mr. Borodich or Defendant Universa Corporation Ltd., that he and his firm no longer represented Defendants, and that he did not have any contact information for Defendants other than the information listed on the Applications. *Id*. On November 15, 2018, Plaintiff's counsel sent the Summons and

Complaint by Federal Express International Priority courier service to Defendants at Petrozavodskaya Ulista 24-1-56, Moscow, MC 125414, Russia (the "Address"). Proof of Service of Summons and Complaint on Defendant Alexander Borodich ("Borodich POS") [ECF No. 10], ¶ 3; Proof of Service of Summons and Complaint on Defendant Universa Corporation Ltd. ("Universa POS") [ECF No. 11], ¶ 3. This Address was submitted by Mr. Borodich to the United States Patent and Trademark Office in 2018 as his contact address in connection with his prior applications for federal trademark registration of the UNIVERSA mark that is at issue in this action. *Id.* Mr. Borodich is listed as the Chief Executive Officer ("CEO") of Universa Corporation Ltd. on its website at www.universa.io. *Id.* The Summons and Complaint were delivered to the Address on Friday, November 23, 2018. *Id.*, ¶ 5. A true and correct copy of the Proof of Delivery issued by Federal Express is attached as Exhibit B to the Borodich POS and the Universa POS.

      C.      **Plaintiff Sends Courtesy Emails To Defendants And Defendants' Former Counsel**

On November 27, 2018, Plaintiff's counsel sent an email to Mr. Borodich at the email address of alexander.borodich@gmail.com and to Universa Corporation Ltd. at the email address of support@universa.io, informing them of this action and providing them a courtesy copy of the Summons and Complaint. Borodich POS, ¶ 6; Universa POS, ¶ 6. On information and belief, alexander.borodich@gmail.com is Mr. Borodich's personal email address, which he has previously provided to domain name registrars and published on his Twitter account, @borodich. Borodich POS, ¶ 6. Support@universa.io is identified as the "contact" email address for Universa Corporation Ltd. on the www.universa.io website. Universa POS, ¶ 6. A true and correct copy of the email, excluding the linked documents, is attached as Exhibit C to the Borodich POS and Universa POS. Defendants

failed to respond. Mauch Decl., ¶ 4. On January 4, 2019, Plaintiff's counsel sent another email to Mr. Borodich and Universa Corporation Ltd., informing them that Plaintiff would be requesting entry of default if Defendants did not respond to the Complaint. *Id*., ¶ 5. Defendants again failed to respond. *Id*., ¶ 5.

### D.     Defendants Fail To Respond To The Complaint And Default Is Entered

On January 11, 2019, Plaintiff filed a Request for Entry of Default. ECF No. 12. On January 14, 2019, the Clerk of the Court entered default against Defendants. ECF No. 13. On January 16, 2019, Plaintiff's counsel sent an email to Mr. Borodich and Universa Corporation Ltd., informing Defendants that the Court had entered default against them and that Plaintiff  would be seeking a default judgment against them. Mauch Decl., ¶ 6. On February 22, 2019, Plaintiff's counsel followed up with another email to Defendants, informing them that Plaintiff would be filing this Application for Entry of Default Judgment, which was attached to the email, on or before February 25, 2019. Mauch Decl., ¶ 7.

## III.    LEGAL STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure provides that, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," default judgment may be entered. Fed. R. Civ. Proc. 55(a); *Directv, Inc. v. Griffin,* 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle*

*Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation and citation omitted).

### IV.    FACTUAL ALLEGATIONS ADMITTED BY DEFENDANTS

By virtue of their default, Defendants have admitted each and every allegation set forth in the Complaint, including but not limited to the following.

#### A.    Defendants Engaged In Federal Trademark Infringement Under 15 U.S.C. § 1125(a)

Plaintiff is an investment management firm that provides investment management services to customers across the country and around the globe. Complaint, ¶ 6; Declaration of N.S. Kathirithamby in Support of Application for Default Judgment ("Kath. Decl."), ¶ 2. Plaintiff was founded in January 2007, and has become well known for its global financial services. *Id*. Plaintiff has continuously used the UNIVERSA word mark and the UNIVERSA logo mark in commerce since January 2007 as a globally recognized firm with some of the largest institutions in the world as its clients. Complaint, ¶ 8; Kath. Decl., ¶ 2. The UNIVERSA word mark and the UNIVERSA logo mark are collectively referred to as the "UNIVERSA Marks." The UNIVERSA Marks are strong and distinctive. Complaint, ¶ 9; Kath. Decl., ¶ 2. These marks have also acquired strength based on the duration of use, quality of services offered under the marks, and the amount of public recognition. Complaint, ¶ 9. Based on the long-term and widespread promotion and use of the UNIVERSA Marks, the UNIVERSA Marks have become well known to consumers and have acquired valuable goodwill. Complaint, ¶ 10; Kath. Decl., ¶ 2.

Defendant Universa Corporation is a software technology company offering a cloud-based software platform that employs blockchain technology − often referred to on

its www.universa.io website as the "Universa Blockchain Protocol" − and crypto "tokens." Complaint, ¶ 11; Kath. Decl., ¶ 3. According to the "white paper" available on the www.universa.io website: "Universa Platform is a new generation of blockchain technology. It uses a contract execution machine and distributed state ledger designed to improve on Bitcoin and Ethereum technologies by delivering improvements that are imperative for business adoption, with an emphasis on tokenization and contractual agreements." *Id*.

According to the www.universa.io website, Mr. Borodich is the Chief Executive Officer of Universa Corporation. Complaint, ¶ 12; Kath. Decl., ¶ 4. Mr. Borodich submitted a signed declaration to the United State Patent and Trademark Office attesting that he is the owner of the Infringing Marks. *Id*. Mr. Borodich alleges in the Applications that he first used the Infringing Marks in connection with Defendants' services on July 28, 2017, and that he first used the Infringing Marks in interstate commerce in the United States in connection with Defendants' Services on October 28, 2017. Complaint, ¶ 14; Kath. Decl., ¶ 4. Defendants in fact have been using the Infringing Marks, alone or in combinations such as UNIVERSA BLOCKCHAIN PROTOCOL, in connection with blockchain software services and related financial services, including, as described in Defendant's trademark applications, "[f]inancial services, namely, providing a virtual currency for use by members of an on-line community via a global computer network." Complaint, ¶ 15; Kath. Decl., ¶ 5. Defendants also use UNIVERSA in their domain name at www.universa.io and in all their social media profiles, including Facebook, Twitter, Medium, Github, and Reddit. *Id*. Defendants continue to use the Infringing Marks in connection with Defendants' services. *Id*.

Defendants have infringed the UNIVERSA Marks by various acts, including, without limitation, using the Infringing Marks in interstate commerce to promote and advertise Defendants' services. Complaint, ¶ 22. Defendants' use of the Infringing Marks in connection with Defendants' services has not been authorized by Plaintiff. *Id*., ¶ 23. Such use is likely to cause confusion, to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff. *Id*. Defendants' use of the UNIVERSA Marks in interstate commerce constitutes infringement of Plaintiff's marks under 15 U.S.C. § 1125(a). *Id*., ¶ 24.

Defendants' infringing acts were willful and committed with knowledge and the intention to cause confusion, mistake, or deception on the consuming public. *Id*., ¶ 25. Defendants' use of the UNIVERSA Marks in connection with its services has been made notwithstanding Plaintiff's prior established rights in the UNIVERSA Marks and with actual notice of Plaintiff's trademark rights. *Id*., ¶26. Defendants' infringement of Plaintiff's trademarks has irreparably harmed, and is likely to continue to irreparably harm, Plaintiff's reputation and goodwill. *Id*., ¶27. Injunctive relief is appropriate because Plaintiff has suffered, and likely will continue to suffer, damage for which there is no adequate remedy at law. *Id*.

### B.   Defendants' Actions Constituted Federal Unfair Competition Pursuant to 15 U.S.C. § 1125(a)

Defendants' actions described above and herein constitute false advertising and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(B). Complaint, ¶ 30. Defendants' use of the Infringing Marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants'

services are provided by Universa or are affiliated, connected, or associated with Universa, or have Universa's endorsement or approval. *Id*., ¶ 31.

In using the Infringing Marks, Defendants have made false and misleading representations and false designations in commercial advertising or promotion throughout the United States, including in Florida, in connection with Defendants' services in violation of 15 U.S.C. § 1125(a). *Id*., ¶ 32. Defendants' actions have and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Plaintiff's goodwill and reputation, for which Universa has no adequate remedy at law. *Id*. By reason of the foregoing, Defendants have intentionally and willfully violated 15 U.S.C. § 1125(a)(1)(B). *Id*., ¶ 33.

### C.     Defendants Engaged In Federal Cyberpiracy Pursuant to 15 U.S.C. § 1125(d)

Defendants have registered and are using the universa.io domain, which contains the entirety of Plaintiff's UNIVERSA word mark. Complaint, ¶ 37. At the time of registration of the universa.io domain, on June 26, 2017, the UNIVERSA Marks, including the UNIVERSA word mark, were distinctive. *Id*., ¶ 38.

Defendants had a bad faith intent to profit from the UNIVERSA Marks when they registered the universa.io domain. *Id*., ¶39. Defendants have a bad faith intent to profit from the UNIVERSA Marks in their continued use of the universa.io domain in knowing and willful disregard of Plaintiff's rights to the UNIVERSA Marks. *Id*., ¶ 40.

### D.     Defendants Violated The Florida Deceptive And Unfair Trade Practices Statute

Defendants' acts of infringement of the UNIVERSA Marks constitute unfair and deceptive acts in commerce under the Florida Deceptive and Unfair Trade Practices Statute. Complaint, ¶ 43. Defendants' unfair, unlawful, or fraudulent business acts or

practices have harmed, and are likely to continue to irreparably harm, Plaintiff's reputation and goodwill. *Id*., ¶ 45. Injunctive relief is appropriate because Plaintiff has suffered, and likely will continue to suffer, damage for which there is no adequate remedy at law. *Id*.

**V.    PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION AND ORDER TRANSFERRING DEFENDANTS' DOMAIN NAME TO PLAINTIFF**

**A.    Defendants Are Not A Minor Or Incompetent Person Or Otherwise Exempted From Having Judgment Rendered Against It**

Rule 55 of the Federal Rules of Civil Procedure, which governs default proceedings, provides that "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared[;]" and that "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. Proc. 55(b)(2).

Here, Defendants Alexander Borodich and Universa Corporation Ltd. are not minors, incompetent persons, in military service, or otherwise exempted from default judgment under the Soldiers' and Sailors' Civil Relief Act of 1940.  Mauch Decl., ¶ 8. Moreover, Defendants have not answered the Complaint, filed a motion under Rule 12 of the Federal Rules of Civil Procedure, or otherwise appeared or responded to the Complaint. ECF No. 12.

**B.    Plaintiff Properly Served Defendants**

Rule 4(f) of the Federal Rules of Civil Procedure governs service outside the United States. Rule 4(f) provides the following:

Unless federal law provides otherwise, an individual − other than a minor, an incompetent person, or a person whose waiver has been filed − may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. Rule Civ. Pro. 4(f). Pursuant to Rule 4(h), Rule 4(f) also applies to foreign corporations, partnerships, and unincorporated associations. Fed. Rule Civ. Pro. 4(h)(2); *Smith v. Wolf Performance Ammunition*, 2015 U.S. Dist. LEXIS 8056, *5 (D. Nev. January 23, 2015).

Here, Defendants are located and were served in Russia. While Russia was originally a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Russia suspended its compliance with the Hague Convention in 2003 and the Russian Central Authority refuses to execute service pursuant to the methods set forth in the Hague Convention. *See, e.g., Smith*, 2015 U.S. Dist. LEXIS 8056 at *7-8 (referring to U.S. Bureau of Consular Affairs circular on international judicial

assistance published by the U.S. State Department, which states that "[i]n July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters"); *Microsoft Corp. v. Doe*, 2014 U.S. Dist. LEXIS 48398, *5 (E.D. Va. January 6, 2014) ("The Russian Federation no longer complies with formal requests for judicial assistance pursuant to the Hague Convention from the United States."); *Delex Inc. v. Sukhoi Civil Aircraft Co.*, 372 P.3d 797 (Wash. 2016) (referring to same U.S. State Department circular regarding Russia's suspension of the Hague Convention); *see also* Mauch Decl., ¶ 9 (providing web address to and copy of U.S. State Department circular).

Given Russia's suspension of the Hague Convention, courts in the United States have consistently allowed plaintiffs to effect service under Rule 4(f)(2), which governs service where "there is no internationally agreed means, or if an international agreement allows but does not specify other means." *See*, *e.g.*, *Microsoft Corp.*, 2014 U.S. Dist. LEXIS 48398 at *5 (finding Russia's failure to comply with the Hague Convention allowed for plaintiff to serve defendants in Russia pursuant to Rule 4(f)(2) without even attempting service according to the Hague Convention); *Delex Inc.*, 372 P.3d at 801-2 (same). Rule 4(f)(2) allows service by, among other means, "a method that is reasonably calculated to give notice . . . as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. Rule Civ. Pro. 4(f)(2)(A). Service by mail is authorized by Articles 113 and 115 of the Code of Civil Procedure of the Russian Federation. *See*, *e.g.*, *Microsoft Corp.*, 2014 U.S. Dist. LEXIS 48398 at *6 (service by mail "is authorized by the Code of Civil Procedure of the Russian Federation, Articles 113 and 115, which govern service of process in Russian courts"); Mauch Decl., ¶ 10 (providing web address to and copies of Articles 113 and 115 of the Code of Civil Procedure of the Russian Federation).

Here, service of process was effected on Defendants in compliance with Articles 113 and 115 of the Code of Civil Procedure of the Russian Federation and Rule 4(f)(2)(A) of the Federal Rules of Civil Procedure. *See*, *e.g.*, *Microsoft Corp.* 2014 U.S. Dist. LEXIS 48398 (E.D. Va. January 6, 2014) (finding service of process on defendant in Russia by means of service of the summons and complaint by mail to be proper under Rule 4(f)(2)(A) of the Federal Rules of Civil Procedure and Articles 113 and 115 of the Code of Civil Procedure of the Russian Federation). As described in detail in section II.B. above and in the Borodich POS [ECF No. 10] and Universa POS [ECF No. 11], Plaintiff mailed − via international courier, just as in *Microsoft Corp.* − the Summons and Complaint to Defendants at the Address submitted by Mr. Borodich, who speaks English and is the CEO of Defendant Universa Corporation Ltd., to the United States Patent and Trademark Office in 2018 as his contact address.

### C.     Defendants Should Be Enjoined From Infringing Plaintiff's Marks And Deceiving The Public

This Court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (*citing Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Injunctive relief, moreover, is available in the context of a default judgment. *See e.g.*, *PetMed Express, Inc. v. Medpets.com, Inc.*, 336 F. Supp. 2d 1213 at 1222-23 (SD Fla.).  Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003)

("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006).

Here, the facts set forth in the Complaint and admitted as true by Defendants, demonstrate the need for  a permanent injunction. Plaintiff has suffered irreparable injury due to Defendants' ongoing wrongful, infringing, and deceptive conduct (*see*, *e.g.*, Complaint, ¶ 27); there is no adequate remedy at law to compensate Plaintiff for this harm (*see id.*); the balance of hardship favors an injunction against Defendants (*see id.*); and an issuance of an injunction is in the public's interest to stop Defendants from deceiving the consuming public as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services by Plaintiff (*see id.*, ¶ 27). Thus, pursuant to 15 U.S.C. § 1116, this Court should permanently enjoin Defendants from continuing to infringe the UNIVERSA trademark.

### D. Defendants' Universa.io Domain Name Should Be Transferred to Plaintiff

The Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), prevents a party from using a domain name in bad faith that is identical or confusing similar to another party's trademark. 15 U.S.C. § 1125(d)(1)(A); *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004). "The Eleventh Circuit has distilled [the requirements of the ACPA] to be that (1) the mark is distinctive or famous and entitled to protection; (2) the defendant's domain name is

identical or confusingly similar to the plaintiff's mark; and (3) the defendant registered or used the domain name with a bad faith intent to profit." *411 Kitchen Cabinets LLC v. King of Kitchen & Granite Inc.*, 2016 U.S. Dist. LEXIS 148557, at *5 (S.D. Fla. Oct. 24, 2016) (citing *Bavaro Palace, S.A. v. Vacation Tours, Inc.*, 203 F. App'x 252, 256 (11th Cir. 2006)). Courts routinely find that defaulting defendants have registered or used a domain name in bad faith for the purposes of the ACPA. *See*, *e.g.*, *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219; *United Greeks, Inc. v. Klein*, 00-CV-0002, 2000 U.S. Dist. LEXIS 5670, at *2 (N.D.N.Y. May 1, 2000). Upon a finding of liability, the ACPA expressly empowers the Court to "order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(C); *Victoria's Cyber Secret Ltd. P'ship v. Secret Catalogue, Inc.*, 161 F. Supp. 2d 1339, 1356 (S.D. Fla. 2001).

Here, the facts set forth in the Complaint and admitted as true by Defendants, demonstrate that Defendants have violated the ACPA and that Defendants' universa.io domain name should be transferred to Plaintiff. Plaintiff's mark is distinctive and entitled to protection (*see* Complaint, ¶ 38); Defendants' domain name is identical or confusingly similar to Plaintiff's mark (*see* Complaint, ¶ 27); and the defendant registered or used the domain name with a bad faith intent to profit (*see* Complaint, ¶¶ 39-40).

## VI.    CONCLUSION

For the foregoing reasons, the Court should enter judgment against Defendants, enjoining Defendants from infringing Plaintiff's UNIVERSA mark and ordering the transfer of Defendants' universa.io domain name to Plaintiff, as set forth in the proposed form of Judgment attached as Exhibit A to this Application.

Dated:  February 25, 2019          Respectfully submitted by:

*/s/ Alexandra de Alejo*
Alexandra de Alejo
Florida Bar No. 43108
Alexandra.deAlejo@gray-robinson.com
GRAY|ROBINSON, P.A.
333 SE 2nd Ave., Suite 3200
Miami, Florida 33131
305-416-6880 (Telephone)

and

Joseph V. Mauch
California Bar No. 253693
jmauch@sflaw.com
SHARTSIS FRIESE LLP
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
415-421-6500 (Telephone)

*Counsel for Plaintiff.*

8334952